TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-98-00592-CR

NO. 03-98-00593-CR

Jacky Wayne Burke, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT

NOS. 0974296 & 0974297, HONORABLE BOB PERKINS, JUDGE PRESIDING

PER CURIAM

Appellant Jacky Wayne Burke pleaded guilty before a jury to indictments accusing
him of aggravated robbery. Tex. Penal Code Ann. § 29.03 (West 1994). The jury returned
instructed verdicts of guilty, and assessed punishment in each cause at imprisonment for thirty
years and a $7500 fine.

Appellant's court-appointed attorney filed a brief concluding that the appeals are
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S.
738 (1967), by advancing a contention which counsel says might arguably support the appeal. See
also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d
553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). A copy
of counsel's brief was delivered to appellant, and appellant was advised of his right to examine
the appellate records and to file a pro se brief. No pro se brief has been filed.

Counsel's arguable point of error is that appellant's trial counsel was ineffective
because he failed to strike a venire member who was biased against the defense and who served
on the jury. The exercise of peremptory challenges is precisely the sort of strategic decision that
appellate court's should not second guess, particularly in a case in which trial counsel has not been
given an opportunity to explain his reasoning. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). 

We have reviewed the record and counsel's brief and agree that the appeal is
frivolous and without merit. The judgment of conviction is affirmed.

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: May 6, 1999

Do Not Publish